UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          Chapter 7
                                                Case No. 10-23524 (RDD)
ENVIRONMENTAL POWER
  CORPORATION, et al[1].                        Jointly Administered

                              Debtors.
------------------------------------------------------------x

**ORDER (A) SCHEDULING HEARING ON TRUSTEE'S MOTION FOR AN ORDER (1) AUTHORIZING
AND APPROVING THE TERMS AND CONDITIONS OF SALE BY THE TRUSTEE OF CERTAIN OF THE DEBTORS' ASSETS, SUBJECT
TO HIGHER AND BETTER OFFERS AND AUCTION; AND (2) SHORTENING NOTICE OF THE HEARING AND FIXING THE DATE FOR THE FILING OF OBJECTIONS, AND (B)
<u>APPROVING BREAKUP FEE</u>**

Upon the motion (the "<u>Motion</u>") dated October 25, 2010 of Marianne T. O'Toole, the chapter 7 trustee (the "<u>Trustee</u>") of the jointly administered estates of Environmental Power Corporation, <u>et al</u>., (collectively, the "<u>Debtors</u>"), seeking the entry of an order under §§ 363 and 365 of title 11, United States Code (the "<u>Bankruptcy Code</u>") and Federal Rule of Bankruptcy Procedure 2002, 6004 and 9019: (a) authorizing and approving the terms and conditions of sale (the "<u>Agreement</u>") between the Trustee and Liquid Environmental Solutions of Texas, LLC (the "<u>Initial Bidder</u>"), or the entity which submits a higher and better offer under the same or similar terms and conditions of sale as the Agreement (the "<u>Purchaser</u>"), which provides, among other things, for the sale of substantially all of the assets of certain of the Debtors' estates, including the estates of Microgy Holdings, LLC, MST Estates, LLC, and MST Production, Ltd. (the "<u>Huckabay Ridge Facility Debtors</u>") (collectively, the "<u>Assets</u>"), free and clear of liens, claims, encumbrances and interests

---

[1] The Debtors in the jointly administered chapter 7 cases of Environmental Power Corporation are: Microgy Holdings. LLC, Case No. 10-23525, Microgy, Inc., Case No. 10-23526, Microgy Grand Island, LLC, Case No. 10-23527, Microgy Red Top, LLC, Case No. 10-23530, Microgy Bovina, LLC, Case No. 10-23531, Microgy Construction, LLC, Case No. 10-23532, Microgy O and M, LLC, Case No. 10-23533, MST Estates, LLC, Case No. 10-23534, MST GP, LLC, Case No. 10-23535, Rio Leche Estates, LLC, Case No. 10-23537, MST Production, Ltd., Case No. 10-23538, Mission Biogas, LLC, Case No. 10-23539, Hereford Biogas, LLC, Case No. 10-23540, Microgy Riverdale, LLC, Case No. 10-23541, Microgy Hanford, LLC, Case No. 10-23542.

(collectively, the "Liens"), with such Liens to attached to the Sale proceeds, pursuant to Bankruptcy Code §§ 363(b) and (f) and 365, subject to higher and better offers as may be tendered at the public auction sale to be conducted immediately before the hearing on approval of the Motion, for the sum of $2,150,000; (b) shortening notice of the hearing on the Motion (the "Sale Hearing") and fixing the date for the filing of objections to the relief sought in the Motion; and (c) granting such related relief as this Court may deem just and proper, including the approval of a breakup fee to the Initial Bidder; and after due deliberation and sufficient cause appearing to shorten notice of the Motion and grant the other relief contained herein; and upon all of the prior proceedings in these cases, it is hereby

**ORDERED**, that the Trustee shall conduct the public auction sale of the Assets (the "Auction") in the Jury Room of Courtroom 118, United States Bankruptcy Court, The Honorable Charles L. Breant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601 commencing at **9:00 a.m.** on **November 2, 2010**, at which bidding by qualified bidders shall continue until the Auction is closed; and it is further

**ORDERED**, that the Sale Hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, The Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601 on **November 2, 2010 at 10:00 a.m.**, or as soon thereafter as counsel may be heard to consider approval of the Motion and any higher and better offers for the Assets, pursuant to Bankruptcy Code §§ 363 and 365, and Bankruptcy Rule 2002 and 6004 (a) authorizing the Trustee to enter into the Agreement with the Purchaser and approving the terms and conditions of the Agreement; and (b) for such further relief as this Court deems proper; and it is further

**ORDERED,** that on or before **October 25, 2010**, the Trustee shall serve copies of this Order and the Motion (including all exhibits) on (i) the Debtors, (ii) Debtors' counsel, (iii) all the Debtors'

creditors listed in their petitions, (iv) all parties who have filed a notice of appearance in the Debtors' cases; (v) the Office of the United States Trustee for the Southern District of New York, and (vi) all parties known by the Trustee to have expressed a bona fide interest in purchasing the Assets; and it is further

**ORDERED,** that objections, if any, to the Motion, except with respect to the conduct and results of the Auction (which may be made at the Sale Hearing) and requests for the approval of the assumption and assignment of executory contracts and unexpired leases to the Successful Bidder (which shall be governed by the fourth-to-last decretal paragraph of this Order) shall be (i) made in writing, (ii) filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, The Honorable Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601, on a 3.5 inch floppy disk with a hard copy delivered directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, The Honorable Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601, and (iii) served in accordance with General Order M-399 and a copy served upon and received by counsel to the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Justin S. Krell, the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Greg Zipes; Howard Berman, Esq. of Greenberg Traurig LLP 200 Park Avenue, New York, New York 10166; Michael Quilling, Esq. counsel to Milo Segner the Receiver of the Huckabay Ridge Facility Quilling Selander Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800, Dallas Texas 75201; and Matthew Hoffman Esq. 2777 Allen Parkway Suite 1000, Houston, Texas 77019 and Marc S. Lichtenstein, Crowell & Moring, LLP 590 Madison Avenue 20th Floor, New York, New York 10022 so as to be actually received no later than November **November 1, 2010 at 12:00 noon** (the "Objection Deadline"); and it is further

**ORDERED,** that proof of service in accordance with this Order shall be filed with the Bankruptcy Court prior to the Sale Hearing; and it is further

**ORDERED**, that any interested party wishing to make a competing offer for the Assets or requiring additional information with respect to the Motion or the Agreement may contact Silverman Acampora LLP, at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. (516) 479-6300; RFriedman@SilvermanAcampora.com or the Trustee's proposed auctioneer David R. Maltz & Co., Inc. at 155 Terminal Drive, Plainview, New York 11803, Attn. Richard Maltz or David Maltz (516) 349-7022, RMaltz@maltzauctions.com; and it is further

**ORDERED**, that the Auction and the Sale Hearing may be adjourned from time to time, without further notice other than by an announcement of such adjournment in open Court or on the Court's calendar on the date of the Sale Hearing; and it is further

**ORDERED**, that the failure of any party receiving notice of the Sale Hearing, through the notice requirements set forth in this Order, to file objections to Motion prior to the Objection Deadline may preclude such party from asserting an objection to the Motion and the relief requested therein at the Sale Hearing; and it is further

**ORDERED,** that pending the Sale Hearing, the Trustee is authorized and empowered to utilize a portion of the Deposit (as defined in the Motion) of the Initial Bidder to remit funds to the Receiver for the Huckabay Ridge Facility sufficient to enable to Receiver to satisfy (a) the ongoing operational expenses of the Huckabay Ridge Facility through and including the closing on the Sale of the Assets; and (b) certain of the operational trade payables that have accrued since July 2010 which are currently estimated at $300,000; and it is further

**ORDERED**, that as soon as practicable, but prior to the closing on the Sale of the Assets, the Trustee and/or the Receiver shall file a notice of assumption and assignment of those executory contracts and unexpired leases, together with a schedule setting forth the proposed Prepetition

Cure Amount for any executory contracts and unexpired leases (the "Cure Schedule") which may be assigned to a Successful Bidder(s) in connection with a Sale of the Assets, (the "Assumption and Cure Amount Notice").  The Successful Bidder shall pay the amounts due on the Cure Schedule at the closing on the sale of the Assets or as otherwise provided in the Sale Order, except with respect to the $100,000 payment that may be due to PG&E as referenced in the Agreement and Terms of Sale.  Such Assumption and Cure Amount Notice also shall be served by regular United States mail, postage prepaid, upon each counterparty to an executory contract that is included on the Cure Schedule, in addition to a description of the proposed contract assignee.  In the event of any dispute under Bankruptcy Code § 365 regarding the proposed assumption and assignment that is not resolved between the counterparty to the executory contract and the Trustee regarding the assumption and assignment, the Trustee shall notify the Court of the dispute and a hearing will be scheduled on an expedited basis in order to resolve such dispute; and it is further

**ORDERED,** that in the event that the Initial Bidder is not the Successful Bidder approved by the Court following the Auction, the Initial Bidder shall have an allowed administrative expense claim against the Huckabay Ridge Debtors up to the sum of $150,000 as an expense reimbursement subject to appropriate documentation and further order of this Court, which sum shall be paid only from the proceeds of the Sale proposal of the Successful Bidder approved by the Court; and it is further

**ORDERED,** that the initial bid at Auction to be conducted prior to the Sale Hearing shall be at least $2,400,000 as provided in the Agreement and at the request of the Trustee; and it is further

**ORDERED**, that the Trustee is authorized, empowered and directed to do such things, execute such documents and expend such funds as necessary to implement the terms of this Order.

RJF/767279/V1/059229

Dated: White Plains, New York
       October 25, 2010

                                      <u>/s/Robert D. Drain</u>
                                      The Honorable Robert D. Drain
                                      United States Bankruptcy Judge